[No. 8420-8-I.   Division One.   March 31, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES W. THOMPSON, *Appellant.*

*Lewis H. Nomura* of *Seattle–King County Public Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Patricia Aitken, Deputy,* for respondent.

WILLIAMS, J.—James Woodrow Thompson, acquitted in 1968 of the crimes of burglary and assault because he was insane, has been under the control of the State either in Western State Hospital or on conditional release ever since. In 1975, one of the judges of the King County Superior Court undertook the management of Thompson's case and in that year conditionally released him from commitment to Western State Hospital with the specific requirements that he regularly attend psychiatric counseling sessions, take antipsychotic medication, and refrain from drinking alcohol. Thereafter, in May 1977, December 1978, and May 1979, the judge held release violation hearings, continuing Thompson on conditional release each time.

On September 24, 1979, following a hearing on the State's petition to revoke the conditional release, the judge found that in July 1979, Thompson had not adhered to the terms of his conditional release by consuming intoxicants and not appearing for a regularly scheduled hearing, that because of his failure to adhere to the terms of the conditional release he presented a substantial likelihood of committing felonious acts jeopardizing public safety or security

and ordered him recommitted to Western State Hospital.

The principal question to be determined is whether the trial judge in making his findings could properly consider all of the evidence adduced at the several hearings held while he had been sitting on the case. If he could rightly do so, there is sufficient evidence to support the finding that Thompson presented a substantial likelihood of committing felonious acts jeopardizing public safety or security. If the trial judge could properly consider only the proof adduced at the September 24, 1979 hearing, then the evidence was insufficient to support the finding.

Statutes for the criminally insane provide that an individual who is committed or conditionally released

> shall have a current examination of his mental condition made by one or more experts or professional persons at least once every six months. . . . The secretary, upon receipt of the periodic report, shall provide written notice to the court of commitment . . .

RCW 10.77.140.

> When a conditionally released person is required by the terms of his conditional release to report to a physician, probation officer, or other such person on a regular or periodic basis, the doctor, probation officer, or other such person shall monthly, or as otherwise directed by the court, submit . . . a report stating whether the person is adhering to the terms and conditions of his conditional release.

RCW 10.77.160.

> The sole question to be determined by the court is whether the person shall continue to be conditionally released. The court in making its determination shall be aided by the periodic reports filed pursuant to RCW 10.77.140, . . . and RCW 10.77.160, and the opinions of the secretary and other experts or professional persons.

RCW 10.77.180.

■ Accordingly, the evidence including the reports submitted to the judge at Thompson's prior hearings was properly considered on September 24. The decision that Thompson is likely to commit felonious acts jeopardizing

public safety or security in the future is supported by the evidence. *See State v. Blubaugh,* 80 Wn.2d 28, 491 P.2d 646 (1971).

The order revoking Thompson's conditional release is affirmed.

JAMES, C.J., and SWANSON, J., concur.

Reconsideration denied April 29, 1981.

Review denied by Supreme Court June 26, 1981.